IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNIFER NOBLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00241-P-BP |
| | § | |
| **CPS – FORT WORTH,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Plaintiff Jennifer Noble ("Noble") on March 11, 2020. ECF No. 3 Plaintiff proceeds *pro se* and *in forma pauperis*. *See* ECF Nos. 3, 11. The case was referred to the undersigned pursuant to Special Order 3 on March 16, 2020. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** the case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

In this suit, Noble claims that Defendant CPS – Fort Worth ("CPS") violated her rights in connection with visitation of certain children, though the specifics of her allegations are unclear. She asserts that CPS discriminated against her "because of [her] rheumatoid arthritis." ECF No. 3 at 1. She also alleges that she is not allowed to be alone with the children "even for 5 minutes" even though she is the appointed possessory conservator for them. *Id.*

On January 22, 2020, two months prior to the filing of this suit, Noble filed an identical complaint against CPS. *See Noble v. CPS-Tarrant County*, No. 4:20-cv-055-A (N.D. Tex. Jan. 23, 2020). In that suit, as here, Noble alleged that CPS discriminated against her by not allowing her to be alone with the children since she has rheumatoid arthritis. *Id.* On January 23, 2020, Senior

United States District Judge John McBryde dismissed Noble's suit. *Id.* Judge McBryde determined that the Court should abstain from asserting jurisdiction because Noble's claim involved a domestic relations proceeding, and even if abstention were not proper, sovereign immunity barred Noble's claims. *Id.*

Because Noble's claims here are identical to those Judge McBryde dismissed before, the undersigned **RECOMMENDS** that Judge Pittman dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2) so that Noble can file her action in the proper state court.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* prior to service if the Court determines that the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

### III.   ANALYSIS

Noble's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because abstention is proper under the domestic relations exception and the doctrine of sovereign immunity bars Noble's claims, as the Court previously held in her earlier case. *See Noble v. CPS- Tarrant County*, No. 4:20-cv-055 (N.D. Tex. Jan. 23, 2020). Federal courts should abstain from asserting jurisdiction over claims that fall within the "domestic relations" exception, as the federal courts do not have the power to interfere with state domestic proceedings. *See Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978). If a case requires the district court to "determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987).

Noble's complaint arises from child custody and welfare issues, which lie within the domestic relations exception. *Bryant v. Hill*, No. 9:16-cv-140, 2016 WL 6833011, at *2 (E.D. Tex. Oct. 11, 2016) (citations omitted). State courts have "greater expertise and interest in domestic matters" and the ongoing supervision these cases require. *See Rykers*, 832 F.2d at 889-900, (citing *Jagiella v. Jagiella*, 647 F.2d 561 (5th Cir. 1981)); 13 C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. Juris. § 3609 (1984)). As Judge McBryde previously held, "state family courts are better suited to handle issues of child custody and child welfare and are just as well-equipped to safeguard federal constitutional rights." *Noble v. CPS-Tarrant County*, No. 4:20-cv-055, slip op. at 2 (N.D. Tex. Jan. 23, 2020) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Therefore, the Court should abstain from asserting jurisdiction here and dismiss Noble's claims.

Additionally, Noble's case should be dismissed based on sovereign immunity. Sovereign immunity provides that states cannot be subjected to suits by their own citizens without their consent. U.S. Const. amend. XI. Absent consent, the State of Texas, or one of its agencies or departments, is immune from being named as a defendant. *Russell v. Texas*, 800 F. App'x 275, 276 (5th Cir. 2020) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Fifth Circuit has held that Child Protective Services is "an arm of the state under the Eleventh Amendment." *See Hall v. Dixon*, No. H-09-2611, 2010 WL 3909515, *46 (S.D. Tex. Sept. 30, 2010) (citing *Stem v. Ahearn*, 908 F.2d 1, 4-5 (5th Cir. 1990) (claims against Harris County Child Protective Services are dismissed for lack of jurisdiction based on sovereign immunity). CPS, an agency of the State of Texas, has not consented to be sued by Noble and is immune from the claims she asserts here under the Eleventh Amendment to the United States Constitution. Therefore, her claims should be dismissed based on sovereign immunity.

## IV.   RECOMMENDATION

For the reasons previously stated by Judge McBryde and those explained above, the undersigned **RECOMMENDS** that Judge Pittman **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2), **without PREJUDICE** to the Plaintiff's right to bring the case in the proper state court.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** August 24, 2020.

                                                            Hal R. Ray, Jr.
                                                            UNITED STATES MAGISTRATE JUDGE